## HARWELL v. HARWELL

[106 N.C. App. 389 (1992)]

---

BOBBY WAYNE HARWELL, JR., Plaintiff-Appellant v. GINA ELIZABETH DUNCAN HARWELL, Defendant-Appellee

No. 9222DC11

(Filed 2 June 1992)

**Bastards § 5.1 (NCI3d) — blood grouping test — paternity not in issue — erroneous order**

The trial court had no authority to enter an order in an action for divorce from bed and board and child custody requiring plaintiff to submit to a blood grouping test to establish

his paternity of the child where the pleadings clearly show that plaintiff admits that he is the biological father of the child, who was born in wedlock; that defendant does not deny that plaintiff is the natural father; and that defendant denies plaintiff's allegations concerning her commission of adultery.

**Am Jur 2d, Bastards § 118.**

**Admissibility and weight of blood grouping tests in disputed paternity cases. 43 ALR4th 579.**

Judges JOHNSON and WYNN concur in the result only.

APPEAL by plaintiff from *Harbinson (Kimberly T.), Judge.* Order entered 29 October 1991 in District Court, IREDELL County. Heard in the Court of Appeals 14 May 1992.

Plaintiff instituted this civil action by complaint wherein he requested a divorce from bed and board from defendant based upon his allegations of adultery on the part of defendant. Plaintiff also requested custody of the minor child, Kiya Nichole Harwell, who he alleged was born to the parties during the marriage. Defendant answered plaintiff's complaint denying the allegations of adultery and requesting that she be granted a divorce from bed and board from plaintiff based upon allegations of plaintiff's indignities toward her. Defendant further requested full custody of the minor child as well as child support from plaintiff.

Defendant's attorney thereafter filed an unverified "Motion for Physical Examination" wherein defendant requested that plaintiff be required to submit to a blood grouping test in order to establish his paternity of Kiya Harwell. Within that motion, defendant alleged that "[t]he paternity of [the minor child] is of paramount importance to the disposition of the issues presented to the court and is in controversy." The record on appeal contains an affidavit of plaintiff wherein he reiterates the allegation of his complaint that he is the biological father of the child and wherein he states that defendant has at no time denied that plaintiff is in fact the child's father.

Judge Harbinson granted defendant's motion and ordered that plaintiff submit to a blood test. The trial judge found as fact that "the paternity of Kiya Nichole Harwell is of paramount importance to the disposition of the issues presented to the court and is in controversy." Plaintiff appeals from the entry of this order.

*Homesley, Jones, Gaines & Fields, by Edmund L. Gaines, for plaintiff, appellant.*

*David P. Parker for defendant, appellee.*

HEDRICK, Chief Judge.

Although Judge Harbinson found that the question of the paternity of the minor child born during the marriage of the parties herein "is in controversy," there is nothing within the record on appeal disclosing such an issue. The pleadings clearly show that plaintiff admits that he is the biological father of Kiya, who was born in wedlock, that defendant does not deny that plaintiff is the natural father, and that defendant denies all allegations concerning her commission of adultery. The trial judge had absolutely no authority to enter the order from which plaintiff appeals as it addresses an issue which has not been raised by either party involved in this lawsuit. The order will be vacated and the cause will be remanded to the trial court.

We will further point out to these parties that Rule 11 of the North Carolina Rules of Civil Procedure states that:

> . . . The signature of an attorney or party [upon a motion filed with the court] constitutes a certificate by him that he has read the . . . motion . . .; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law . . ., and that it is not interposed for any improper purpose . . . . If a . . . motion . . . is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction . . . .

G.S. 1A-1, Rule 11. This Court does not have authority to impose sanctions pursuant to this rule. Likewise, as Judge Harbinson actually granted the motion filed by defendant, we believe that it would not be proper for her to hear or decide any motion which may be made pursuant to Rule 11 following the remand of this cause.

The costs of this appeal are taxed to defendant.

Vacated and Remanded.

Judges JOHNSON and WYNN concur in the result only.